**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>John Joseph Louis Johnson, III,<br><br>    Debtor | Bankruptcy No. 14-57104<br><br>Chapter 11<br><br>Judge John E. Hoffman, Jr. |
| EOT Advisors, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>John Joseph Louis Johnson, III,<br><br>    Defendant. | Adversary No.: 2:15-ap-02108 |

John Joseph Louis Johnson, III

    Plaintiff/Counterclaimant,

    v.

EOT Advisors, LLC,

    Defendant/Counter-defendant,

John Joseph Louis Johnson, III

    Plaintiff/Counterclaimant,

    v.

Adam Blum

    Third-Party Defendant

**<u>DEFENDANT/DEBTOR JOHN JOSEPH LOUIS JOHNSON, III'S ANSWER TO THE
THIRD CAUSE OF ACTION OF PLAINTIFF EOT ADVISORS, LLC'S COMPLAINT
TO EXCEPT DEBT FROM DISCHARGE</u>**

1

**AND**

**COUNTERCLAIM AGAINST EOT ADVISORS, LLC**

**AND**

**THIRD-PARTY COMPLAINT AGAINST ADAM BLUM**

Now comes Defendant/Debtor John Joseph Louis Johnson, III ("Johnson"), who in response to the Third Cause of Action[1] of the *Complaint to Except Debt from Discharge* (the "Complaint") filed by Plaintiff EOT Advisors, LLC ("EOT"), avers and states as follows:

**FIRST DEFENSE**

1. Johnson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and, as such, denies all allegations contained therein.

2. Johnson admits the allegations contained in Paragraph 2 of the Complaint.

3. Johnson admits the allegations contained in Paragraph 3 of the Complaint.

4. Johnson admits the allegations contained in Paragraph 4 of the Complaint.

5. Johnson denies the allegations contained in Paragraph 5 of the Complaint.

6. Johnson denies the allegations contained in Paragraph 6 of the Complaint.

7. Johnson denies the allegations contained in Paragraph 7 of the Complaint.

8. Johnson denies the allegations contained in Paragraph 8 of the Complaint.

9. Johnson denies the allegations contained in Paragraph 9 of the Complaint.

10. In response to the allegations contained in Paragraph 10 of the Complaint, Johnson admits to signing the signature page of the Note (as defined in Paragraph 10). Johnson denies the remaining allegations contained in Paragraph 10 not expressly admitted herein.

---

[1] Contemporaneously with the filing of this Answer, Johnson has also filed his *Motion to Dismiss the First and Second Causes of Action of Plaintiff EOT Advisors, LLC's Complaint to Except Debt from Discharge*.

11. In response to the allegations contained in Paragraph 11 of the Complaint, Johnson admits to signing the signature page of the Assignment (as defined in Paragraph 10). Johnson denies the remaining allegations contained in Paragraph 11 not expressly admitted herein.

12. Johnson denies the allegations contained in Paragraph 12 of the Complaint.

13. Johnson denies the allegations contained in Paragraph 13 of the Complaint.

14. Johnson denies the allegations contained in Paragraph 14 of the Complaint.

15. Johnson denies the allegations contained in Paragraph 15 of the Complaint.

16. Johnson denies the allegations contained in Paragraph 16 of the Complaint.

17. Johnson denies the allegations contained in Paragraph 17 of the Complaint.

18. Johnson denies the allegations contained in Paragraph 18 of the Complaint.

19. Johnson denies the allegations contained in Paragraph 19 of the Complaint.

20. Johnson denies the allegations contained in Paragraph 20 of the Complaint.

21. Johnson denies the allegations contained in Paragraph 21 of the Complaint.

22. Johnson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and, as such, denies all allegations contained therein.

23. Johnson denies the allegations contained in Paragraph 23 of the Complaint.

24. [EOT's Complaint does not contain a Paragraph 24 and, for clarity's sake, Johnson inserts this placeholder to maintain consistency with his numbered responses.]

25. Johnson has moved the Court to dismiss the First Cause of Action of EOT's Complaint and, therefore, no response is required by Johnson to Paragraph 25. To the extent a response is required, Johnson denies the allegations contained in Paragraph 25.

26. Johnson has moved the Court to dismiss the First Cause of Action of EOT's Complaint and, therefore, no response is required by Johnson to Paragraph 26. To the extent a response is required, Johnson denies the allegations contained in Paragraph 26.

27. Johnson has moved the Court to dismiss the First Cause of Action of EOT's Complaint and, therefore, no response is required by Johnson to Paragraph 27. To the extent a response is required, Johnson denies the allegations contained in Paragraph 27.

28. Johnson has moved the Court to dismiss the First Cause of Action of EOT's Complaint and, therefore, no response is required by Johnson to Paragraph 28. To the extent a response is required, Johnson denies the allegations contained in Paragraph 28.

29. Johnson has moved the Court to dismiss the First Cause of Action of EOT's Complaint and, therefore, no response is required by Johnson to Paragraph 29. To the extent a response is required, Johnson denies the allegations contained in Paragraph 29.

30. Johnson has moved the Court to dismiss the First Cause of Action of EOT's Complaint and, therefore, no response is required by Johnson to Paragraph 30. To the extent a response is required, Johnson denies the allegations contained in Paragraph 30.

31. Johnson has moved the Court to dismiss the Second Cause of Action of EOT's Complaint and, therefore, no response is required by Johnson to Paragraph 31. To the extent a response is required, Johnson denies the allegations contained in Paragraph 31.

32. Johnson has moved the Court to dismiss the Second Cause of Action of EOT's Complaint and, therefore, no response is required by Johnson to Paragraph 32. To the extent a response is required, Johnson denies the allegations contained in Paragraph 32.

33. Johnson has moved the Court to dismiss the Second Cause of Action of EOT's Complaint and, therefore, no response is required by Johnson to Paragraph 33. To the extent a response is required, Johnson denies the allegations contained in Paragraph 33.

34. Johnson has moved the Court to dismiss the Second Cause of Action of EOT's Complaint and, therefore, no response is required by Johnson to Paragraph 34. To the extent a response is required, Johnson denies the allegations contained in Paragraph 34.

35. Johnson has moved the Court to dismiss the Second Cause of Action of EOT's Complaint and, therefore, no response is required by Johnson to Paragraph 35. To the extent a response is required, Johnson denies the allegations contained in Paragraph 35.

36. Johnson re-alleges the above denials and admissions as if fully rewritten herein.

37. Johnson denies the allegations contained in Paragraph 37 of the Complaint.

38. Johnson denies the allegations contained in Paragraph 38 of the Complaint.

39. Johnson denies the allegations contained in Paragraph 39 of the Complaint.

40. Johnson denies the allegations contained in Paragraph 40 of the Complaint.

41. Johnson denies all allegations of the Complaint not expressly admitted herein.

## SECOND DEFENSE

42. The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

43. The Complaint is barred by EOT's fraud and illegality.

**FOURTH DEFENSE**

44.     The Complaint is barred by EOT's unclean hands.

**FIFTH DEFENSE**

45.     Johnson reserves the right to plead additional affirmative defenses as the same may become known through discovery or otherwise.

WHEREFORE, having fully answered the Complaint of Plaintiff EOT Advisors, LLC, Defendant/Debtor John Joseph Louis Johnson, III requests that EOT's Complaint be dismissed against him in its entirety with prejudice, that he be awarded judgment in his favor on all counts of the Complaint, that he be awarded reasonable attorneys' fees, costs, and expenses incurred in defending the Complaint, and that he be awarded such other and further relief as the Court may be deem just and proper.

**DEFENDANT/DEBTOR/COUNTERCLAIM PLAINTIFF JOHN JOSEPH LOUIS JOHNSON, III'S COUNTERCLAIM AGAINST EOT ADVISORS, LLC**

**AND**

**THIRD-PARTY COMPLAINT AGAINST ADAM BLUM**

Now comes Johnson, and for his Counterclaims against EOT and Third-Party Complaint against Adam Blum ("Blum"), avers and states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.      Johnson is a natural person and Debtor and Debtor-in-Possession in the above-captioned chapter 11 bankruptcy case.

2.      Upon information and belief, EOT is a Texas limited liability company.

3.      Upon information and belief, Blum is an individual residing in the State of Texas.

...

4. This Court has jurisdiction over the parties and the subject matter of this action.

5. Venue of this action is proper before this Court.

## FACTS

6. By September 2013, Johnson was in default of the various loans that were allegedly used to monetize his NHL contract. Johnson's mother had previously worked with Maurice Taylor ("Taylor"), a so-called "loan broker" who worked with Johnson's mother to obtain funding and pledge Johnson's NHL contract as collateral.

7. Taylor introduced Johnson's mother to Blum, a manager and principal of EOT. Blum and EOT knew that Kristina Johnson's son was a professional hockey player and that she was in need of cash to pay the various loans that were used to monetize her son's contract.

3. Upon information and belief, Blum and EOT conducted their own due diligence and learned about Johnson's other loans that were in default. Upon information and belief, Blum and EOT were advised by Taylor as to the status of the loans and their respective defaults.

4. Based on Johnson's financial situation, Blum and EOT knew or should have known that Johnson and Johnson's mother were not sophisticated financial managers. As such, Blum and EOT took advantage of their financial naiveté.

5. Blum and EOT elected to deal exclusively with Johnson's mother, who was and is in no position to protect Johnson's financial interests. There was no power of attorney that was presented and when Johnson was asked to sign the Note, and the entire Note was not provided, just the signature page with his mother and Blum requesting Johnson to sign it.

6. Upon information and belief, despite the fact that Blum and EOT were aware of Johnson's financial situation and his inability to take on or repay any additional debt, EOT represented to Johnson's mother that Johnson had the financial wherewithal to take out and meet

the obligations of the $400,000 loan.

7. Blum and EOT fraudulently represented to Johnson's mother that the loan was in Johnson's best interest and that it could be serviced by Johnson. Blum and EOT also falsely represented that the rates and terms of the loan were competitive in the industry.

8. Contrary to their representations, Blum and EOT knew or should have known that the "loan" it offered was not lawful for the reasons described below and that it could not be properly serviced.

9. Based on Blum's and EOT's representations, on or about September 13, 2013, the Note was executed in connection with a loan purportedly made by EOT to Johnson for $400,000 (the "Note").

10. To secure repayment of the $400,000 Note, EOT obtained an Assignment to Johnson's $30.5 million dollar contract. A similar assignment had been made to others well before that time and UCC financing statements disclosing such assignments and liens had been publicly filed, placing EOT and Blum on notice of Johnson's dire financial circumstances.

11. Unbeknownst to Johnson, the Blum Firm, a law firm controlled by Marvin Blum, the father of EOT's manager, Adam Blum, prepared the Note and other documents that were executed in connection therewith and, upon information and belief, received payment for those "services" out of the proceeds of the loan.

12. Although money from the loan was used to pay the Blum Firm, Johnson was not aware of the terms of the loan, never authorized anyone to incur the additional debt, never received the loan proceeds, and has no idea to whom, or even if, EOT distributed the proceeds.

13. Johnson never saw the Note in its entirety before it was executed and did not learn the terms of the Note until this lawsuit was filed. Moreover, contrary to Blum's and EOT's

representations to Johnson's mother regarding the Note, the Note did not have competitive rates and terms but rather required Johnson to pay EOT an exorbitant amount of interest. In fact, the effective interest rate charged by EOT exceeded 70 percent under the payment schedule set forth on Schedule A of the Note.

14. Given the rate and terms of the Note, and contrary to EOT's and Blum's representations, Johnson did not have the financial wherewithal or cash flow to service the obligations of the Note and the Note was in default immediately.

15. After making the loan, Blum and EOT began contacting Johnson's employer, threatening to take action against Johnson, and possibly Johnson's employer, for payment of the Note.

### **COUNT ONE – USURY**

16. Johnson incorporates the above allegations as if fully rewritten herein.

17. Pursuant to Section 305.001(a-1) of the Texas Finance Code:

> A creditor who contracts for or receives interest that is greater than the amount authorized by this subtitle in connection with a commercial transaction is liable to the obligor for an amount that is equal to three times the amount computed by subtracting the amount of interest allowed by law from the total amount of interest contracted for or received.

18. Under the terms of the Note and the payment schedule set forth in Schedule A thereto, EOT contracted for and received interest that is greater than the amount authorized by the Texas Finance Code in connection with its loan to Johnson. Indeed, the effective interest rate of the loan exceeds seventy percent (70%) per annum.

19. Because the effective interest rate of the Note exceeds the amount authorized by the Texas Finance Code, the Note is usurious and violates Section 302.001. EOT is liable to Johnson for an amount equal to three times the amount computed by subtracting the amount of interest allowed by law from the total amount of interest contracted for or received.

## COUNT TWO – UNCONSCIONABILITY

20. Johnson incorporates the above allegations as if fully rewritten herein.

21. A contract is unconscionable if it is both procedurally and substantively unconscionable.

22. The Note is procedurally unconscionable because Blum and EOT coerced Johnson's mother into entering into the loan, despite the fact that they knew Johnson (on whose behalf his mother was supposed to be acting) was unaware of the facts and circumstances surrounding the transaction and, had he been, would have objected to the execution of the Note. Moreover, the Note is also procedurally unconscionable because Blum and EOT misrepresented to Johnson's mother that the loan was in Johnson's best interests, that the terms of the Note and interest rate would be competitive, and that Johnson had the financial wherewithal to service the Note.

23. The Note is substantively unconscionable because, among other things, EOT was aware that Johnson did not have the financial wherewithal to meet the obligations and the effective interest rate of the Note exceeded the amount authorized by the Texas Finance Code.

24. Accordingly, Johnson is entitled to a declaration that the Note is unconscionable and cannot be enforced, as well as compensatory damages, punitive damages, statutory damages, and attorneys' fees and costs actually and proximately caused by execution of the unconscionable Note.

## COUNT THREE – BREACH OF CONTRACT

25. Johnson incorporates the above allegations as if fully rewritten herein.

26. Alternatively, if the Note constitutes a valid and enforceable contract, it provides, in relevant part: "Maker and Payee agree that (a) all of the terms in this Note and all other loan documents, including without limitation, the identity of Payee, and (b) all of the information obtained in preparation of the transactions evidenced hereby shall be deemed "Confidential Information." Maker and Payee agree to maintain the confidentiality of the Confidential Information and to prevent its unauthorized dissemination."

27. EOT breached the Note by disclosing the terms of the Note and the loan documents in violation of the confidentiality provision contained therein.

28. As a direct and proximate result of EOT's breach of the Note, Johnson has suffered, and continues to suffer, damages in an amount to be proven at trial.

**COUNT FOUR – VIOLATIONS OF TEXAS DECEPTIVE TRADE PRACTICES ACT**

29. Johnson incorporates the above allegations as if fully rewritten herein.

30. Johnson is a "consumer" as that term is defined in Section 17.45 of the Texas Business and Commerce Code.

31. EOT and Blum violated, and continues to violate, Section 17.50 of the Texas Business and Commerce Code by engaging in an unconscionable action or course of action, including without limitation, performing due diligence and ignoring the amount of debt already incurred by Johnson's mother, making material misrepresentations to coerce, manipulate or induce Johnson's mother to have the signature page of the Note signed, as well as by charging a usurious rate of interest and improperly securing the $400,000 loan with Johnson's $30.5 million dollar Player Contract that already had UCC-1 financing statements filed against it.

32. As a result of EOT's and Blum's violations of the Section 17.50 of the Texas Business and Commerce Code, Johnson has suffered, and will continue to suffer, damages in an amount to be proven at trial.

### COUNT FIVE – FRAUD AND FRAUDULENT INDUCEMENT

33. Johnson incorporates the above allegations as if fully rewritten herein.

34. Blum and EOT made numerous material and false misrepresentations to Johnson (and his mother) as set forth above, including, without limitation, that EOT was acting solely for his benefit and not its own, that Johnson could not obtain and would not benefit from conventional financing, that the rates and terms of the loans were competitive in the industry, and that Johnson had the financial wherewithal to service the loans.

35. At the time the statements were made, Blum and EOT knew the representations were false and knew that EOT had set up Johnson to default under the loan.

36. Blum and EOT made such representations intentionally, with the intent that Johnson—through his mother—would rely on the representations to enter into the loan.

37. The representations were material to the loan.

38. As a result of Blum's and EOT's misrepresentations, Johnson (and his mother) were induced into entering into the loan.

39. Johnson relied on the misrepresentations and false promises to his detriment, and Johnson's reasonable reliance on the misrepresentations was a substantial factor in causing him damages.

40. As a direct and proximate consequence of the acts and omissions committed by Blum and EOT with willful and oppressive intent, Johnson has suffered actual damages, consequential damages, and punitive damages in an amount to be proven at trial.

## COUNT SIX – BREACH OF FIDUCIARY DUTY

41. Johnson incorporates the above allegations as if fully rewritten herein.

42. Blum, EOT's manager, acted for himself individually and as a loan broker on behalf of EOT.

43. As a loan broker, Blum owed Johnson fiduciary duties, including to put Johnson's economic interest ahead of its own and to give Johnson, and not his mother, his undivided loyalty.

44. Throughout the course of its dealings with Johnson's mother, Blum represented that he could arrange loans on terms favorable to Johnson, that Johnson could afford to service the loans, and that Johnson could not obtain conventional loans. Indeed, Blum represented to Johnson and Johnson's mother that the loan was in Johnson's best interest.

45. Blum breached his fiduciary obligations to Johnson by placing his own economic interests before Johnson's by, among other things: (a) luring Johnson into the non-conventional loan rather than introducing him to commercially reasonable loans with a more traditional lender, which would have had a lower rate of interest, lower monthly payments, and would not have required the assignment of the Player Contract; (b) representing that Johnson could afford to service the loans in spite of the various other loans that were already in default at the time the EOT Note was implemented; and (c) using unreasonable rates of interest and unconscionable fees to the detriment of Johnson.

46. Johnson did not give informed consent to Blum's conduct.

47. As a direct and proximate consequence of the acts and omissions committed by Blum with willful and oppressive intent, Johnson has suffered actual damages, consequential damages, and punitive damages in an amount to be proven at trial.

## **COUNT SEVEN – DISALLOWANCE OF CLAIM**

3. Johnson incorporates the above allegations as if fully rewritten herein

4. As a result of the usurious and unconscionable nature of the Notes, EOT's claims in Johnson's bankruptcy case should be disallowed and expunged in their entirety.

WHEREFORE, Defendant/Counterclaim-Plaintiff John Joseph Louis Johnson, III, Debtor herein, requests that he be awarded judgment in his favor as follows:

1. Awarding judgment against EOT and Blum in amount to be determined at trial, including compensatory and punitive damages, attorneys' fees, costs, and any and all other amounts allowed by law;

2. Finding that Johnson did not assent to entering into the Note;

3. Finding that the Note is unenforceable

4. Disallowing any and all claims asserted by EOT in Johnson's bankruptcy case; and

5. Granting any and all other such legal and equitable relief to which Johnson may be entitled as the Court deems just and proper.

    Respectfully submitted,

    /s/ Marc J. Kessler
    Marc J. Kessler (0059236)
    Daniel A. DeMarco (0038920)
    Hahn Loeser & Parks LLP
    65 E. State Street, Suite 1400
    Columbus, Ohio 43215
    Telephone: (614) 233-5168
    Facsimile: (614) 221-5909
    E-mail: mkessler@hahnlaw.com
    E-mail: dademarco@hahnlaw.com

    *Attorneys for Debtor/Plaintiff*
    *John Joseph Louis Johnson, III*

## CERTIFICATE OF SERVICE

I certify that on June 5, 2015, a true and correct copy of the foregoing was served via the court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Daniel A DeMarco    dademarco@hahnlaw.com, hlpcr@hahnlaw.com;cmbeitel@hahnlaw.com
- M Colette Gibbons    Colette.Gibbons@icemiller.com, carol.builder@icemiller.com
- Marc J Kessler    mkessler@hahnlaw.com, cphilpot@hahnlaw.com;cmbeitel@hahnlaw.com;peckenrode@hahnlaw.com

And by United States Mail upon the following:

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

John Joseph Louis Johnson, III
5309 Adventure Drive
Dublin, OH 43017

Office of the US Trustee
170 North High Street
Suite 200
Columbus, OH 43215

Adam Blum
c/o EOT Advisors, LLC
777 Main St., Suite 700
Ft. Worth, TX 76102

/s/ Marc J. Kessler
*One of the Attorneys for Debtor/Defendant*
*John Joseph Louis Johnson, III*